DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1899.

---

CHARLES U. DE HART, PLAINTIFF IN ERROR, v. ATLANTIC CITY ET AL, DEFENDANTS IN ERROR.

Argued March 16, 1899—Decided June 19, 1899.

The act entitled "A supplement to an act entitled 'An act constituting District Courts in certain cities of this state, approved March ninth, one thousand eight hundred and seventy-seven,'" approved February 17th, 1898, so far as it attempts to amend the second section of the act to which it is a supplement, is unconstitutional.

On error to the Supreme Court. For opinion of the Supreme Court, see 33 *Vroom* 586.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Allen B. Endicott.*

The opinion of the court was delivered by

THE CHANCELLOR. This litigation brings in question the constitutionality of part of an enactment entitled "A supplement to an act entitled 'An act constituting District Courts in

certain cities of this state,' approved March ninth, one thousand eight hundred and seventy-seven," approved February 17th, 1898.

The act, among other things, purports to amend the second section of the act to which it is intended to be a supplement. It re-enacts the entire section, which reads: "That one District Court shall be established in accordance with this act in every city of this state of over twenty thousand inhabitants, but cities of one hundred thousand inhabitants or over shall be entitled to two District Courts; provided always, that no more than two District Courts shall at any time be established in any city of this state;" and adds to it, after changing the period at its end to a semicolon, this language, "and one District Court shall be established in every city of this state having twenty thousand inhabitants or less which shall by resolution of city council adopt this act within three months from the date of the passage thereof."

On the 21st of February, 1898, the city council of Atlantic City passed a resolution intended to adopt the act in question and establish in that city a District Court. The resolution was taken to the Supreme Court by *certiorari*, where the statute in question was attacked as unconstitutional upon several grounds, and among them upon the insistence that the limitation of time within which the act might be adopted by a city renders it special and obnoxious to the interdict of the constitution against the regulation of the internal affairs of towns by special enactment.

The apparent purpose of the legislation is to authorize the establishment of District Courts in such cities having a population of twenty thousand inhabitants or less as shall by resolution of their city council adopt the enactment within three months.

As the expense of District Courts by law falls upon the cities in which they are located, the Supreme Court properly held that a law instituting such courts must be general.

It is observed that the provision of the statute complained of is made applicable to a limited class, cities having twenty

thousand or less inhabitants adopting the enactment within three months. After the expiration of the three months the law remains, but applicable only to those cities of the class indicated that have adopted it. Its benefit is denied to then existing cities whose necessity may at any time after the three months have demanded, or may hereafter demand, a District Court, and as well to all cities that may have come into being after the expiration of the three months' limitation or may hereafter come into being. The effect of the limitation is a restriction of the class to which the law may be applied. It has not been suggested, and it is not perceived, that the restriction has any reasonable relation to the purpose of the enactment. On the contrary, it is impossible to consider the restrictive clause without feeling that it is illusive. To sustain it as a proper basis of classification in the present case would be to overthrow the principle so often enunciated in our courts, that it must be a characteristic which in some reasonable degree, at least, will justify the restriction, and not that alone, but also to encourage a course of legislation that could in effect be used to nullify the constitutional provision considered, for if the limit be three months, why not, as well, three days or three hours? And if the adoption of the act may be by a city council, why not by a single city official? "The true principle of classification," said the late Chief Justice Beasley in *State* v. *Hammer*, 13 *Vroom* 435; *affirmed on error*, 15 *Id.* 667, "requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which will thus serve as the basis of classification must be of such a nature as to make the object so designated as peculiarly requiring exclusive legislation. There must be a substantial distinction having a reference to the subject-matter of the proposed legislation between the objects and places embraced in such legislation and the objects and places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree at least, account for or justify the restriction of the legislation."

In dealing with the question discussed, the Supreme Court deemed itself to be bound by the expressions of Chief Justice Beasley in the opinion he prepared for the Supreme Court *In re Cleveland,* 22 *Vroom* 319.    In that case the constitutional validity of the statute entitled "An act concerning the government of cities of this state," approved April 6th, 1889, having for its general purpose the bestowal of power upon the mayor to appoint the principal municipal officers, was called in question.    The act authorized the board of aldermen or common council of the city, by resolution, or the mayor of the city, by proclamation, to submit the question of the acceptance or rejection of the act to the voters of such city at a general or charter election upon two days' notice.    A proviso at the end of the section of the law which authorized this submission declares that no election should be held under the act after the 1st day of October, 1890.    Chief Justice Beasley, after discussing the validity of the law creating municipal powers and made available to all of a proper class, to be operative in each member of that class only upon its acceptance by that member, from the point of insistence that failure of all the members to accept the act would produce local results, and insisting upon the principle that when a franchise or privilege has been tendered by the legislature to every locality for acceptance, the tender is not local and special merely because it may not be universally accepted, referred to the limitation of time within which the act before him must be accepted, in this language : "And from this principle it follows, as an unavoidable corollary, that the limitation in point of time for the adoption of the privileges of this law cannot be regarded as an invalidating circumstance.    The statutory language in this respect is that no election shall be held under its provisions after the 1st day of October, 1890. It is true that this provision may eventuate in the production of different local results, but such outcome is not the necessary effect of the law, and there is no indication that such an end was in view.    This law is capable of coming into operation within the time prescribed in every city of this state.    It is,

therefore, within the meaning of the constitution, a general and not a local act, for, as has been just said, it must be regarded either as general or special at the time of its enactment, and it is not to be ranked in the former class by reason of the fact of its subsequent general adoption nor in the latter class because of its partial rejection." The Cleveland case was taken to this court and the judgment of the Supreme Court was here affirmed (23 *Vroom* 188), but this court declined to pass upon the question as to the validity of the limitation, because the case could be decided without the consideration of that question.

I conceive the error in the reasoning of the Chief Justice to lie in his failure to recognize that the application of a valid general law must not be restricted beyond the reasonable relation of the restriction to the purpose of the law, for the restriction may necessarily become a characteristic of the classification.

In the present case it is clearly so, and, because of it, it is concluded that the enactment considered is invalid.

The judgment of the Supreme Court will be reversed.

*For affirmance*—LIPPINCOTT, LUDLOW, HENDRICKSON. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DIXON, GUMMERE, ADAMS, BOGERT, NIXON, VREDENBURGH. 9.